PER CURIAM.
■ This appeal by defendants is from a final decree setting aside a transfer to them of corporate common stock made by plaintiff’s decedent approximately six years prior to the institution of this suit.
By his decree the chancellor found that at the time of the questioned transfer decedent lacked sufficient mental capacity to realize the nature, effect and consequences of her act; that defendant transferees of the stock occupied as dominant parties a confidential relationship with decedent, knew the stock value and of decedent’s mental incapacity at the time of the transfer; that in procuring a transfer of the stock to themselves defendants paid an inadequate consideration therefor and under the circumstances thereby perpetrated a fraud on decedent.
The principal point on appeal questions the sufficiency of the evidence to support the chancellor’s findings and conclusions. The testimony, reported on 658 pages of record, was taken before the chancellor who heard and had the opportunity of observing the witnesses as they testified on behalf of the respective parties. Although the evidence, and the inferences which may be reasonably drawn therefrom, is in conflict on many of the crucial issues posed for decision, we find ample support in the record for the findings and conclusions expressed by the chancellor in his decree.
Careful consideration has been given to the remaining points on appeal, as well as to the points raised by appellee on his cross appeal. We find that neither party has clearly demonstrated that the chancellor misconceived the legal effect of the evi *260 dence, nor applied incorrect principles of law to the evidence before him.
No reversible error having been made to appear, the decree appealed from is affirmed.
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.